IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALCATEL-LUCENT USA INC., et al., <br><br> Defendants. | C.A. No. 12-cv-1533-RGA <br><br> Related to C.A. No. 13-cv-1464-RGA <br><br> JURY TRIAL DEMANDED |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR COSTS

Of Counsel

Margaret Elizabeth Day
Ian N. Feinberg
David L. Alberti
Clayton Thompson
Marc C. Belloli
Sal Lim
Yakov Zolotorev
FEINBERG DAY ALBERTI &
THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618.4360
Facsimile: (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
mbelloli@feinday.com
slim@feinday.com
yzolotorev@feinday.com

DATED: March 24, 2014

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302)777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
PRAGMATUS TELECOM, LLC

I.   INTRODUCTION

Newegg's request for costs should be denied because (1) each item it seeks to tax is prohibited from taxation by D. Del. LR54.1 ("Rule 54.1"); (2) Newegg is not a prevailing party; and (3) even if it were a prevailing party, the Court should exercise its discretion to deny any otherwise properly taxable costs because (a) the dismissal of Newegg was as a result of a licenses purchased for Newegg by its suppliers during the litigation, (b) its improper requests for costs, and (c) Newegg's flawed fee motion.

II.   ARGUMENT

### A.   None of the Costs Sought by Newegg Are Properly Taxable.

Newegg seeks to tax $1,679.50 in costs. But Delaware Local Rule 54.1 sets out what items are properly taxable as costs, and not a single item Newegg seeks to tax is properly taxable under the Court's rules. Indeed, several of the items are expressly prohibited from taxation by Rule 54.1.

#### 1.   Pro Hac Fees.

First, Newegg seeks to tax $775.00 in "fees of the clerk," but all of the fees are for admissions pro hac vice ($725) and a certificate of good standing in support of the admission pro hac vice. Taxation of such costs is not provided for in Rule 54.1, and Rule 54.1(b)(11) prohibits taxation of costs not specifically provided in Rule 54.1:

> Other costs. Claims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule ordinarily will not be allowed, unless the party claiming such costs substantiates the claim by reference to a statute or binding court decision.

Since Rule 54.1(b) does not provide for the taxation of pro hac vice admission fees, and Rule 54.1(b)(11) prohibits taxation of fees not provided for in the Rule absent a statute or binding court decision, neither of which is identified by Newegg, its request for

$775.00 in pro hac vice admission fees must be denied. And while there is no "binding court decision" requiring that pro hac vice admission fees be taxable as costs, there is a decision of a neighbor court in the Third Circuit specifically holding that pro hac admission fees ***are not taxable*** because they "are an 'expense of counsel for the privilege of practicing law in this Court' and, as such, are not 'normally charged to a fee-paying client … and are not recoverable under § 1920." *Montgomery County v. Microvote Corp.*, 2004 WL 1087197 (E.D. Pa May 13, 2004) (citations omitted).

Moreover, $650 of the $775.00 in pro-hac admission fees was paid to the Central District of California, and not properly taxable by this Court. Indeed, Rule 54.1(b)(8) provides that fees paid to a state court are properly taxable in a removed case, but Rule 54.1 says nothing about fees paid to another district court. Expressio unius est exclusion alterius ("the express mention of one excludes all others"). Rule 54.1(b)(11) enacts that very maxim. Since fees paid to another district court are not mentioned in Rule 54.1(b), and Newegg points to no statute or binding case law holding they are taxable, they cannot be taxed.

### 2. Court Reporter Transcripts.

Newegg's attempt to tax $221.50 for law and motion transcripts it obtained should be denied. Taxation of transcripts obtained for a party's own use, and not specifically requested by the Court for the Court's use, is specifically prohibited by Rule 54.1(b)(2):

> Transcript Fees. The costs of the originals of a trial transcript, a daily transcript and of matters prior or subsequent to trial, furnished to the Court, are taxable when requested by the Court or prepared pursuant to stipulation. Mere acceptance by the Court does not does not constitute a request. ***Copies of transcripts for counsel's own use are not taxable.***

(Emphasis supplied). Newegg's attempt to tax costs which are expressly made untaxable

by local rule should be rejected.

### 3. Cost of Making Copies.

Like Newegg's attempt to tax for law and motion transcripts it obtained, Newegg's request to tax the cost of making copies of articles of incorporation and file histories is specifically prohibited by Rule 54.1(b)(5).

First, the copies of the articles of incorporation ($13.50) and file histories ($669.50) are not taxable because "[t]he cost of copies obtained for the counsel's own use is not taxable." D. Del. LR 54.1(b)(5). While the cost of patent file wrappers can be taxable under Rule 54.1(b)(5), this appears to be limited to file wrappers "filed and served," which the obtained file wrappers were not. Even if they were otherwise properly taxable, they are only taxable "at the rate charged by the Patent Office" under Rule 54.1(b). There is no evidence what the Patent Office charged for the histories; indeed they apparently were not obtained from the Patent Office but instead from Questel Freedom to Operate (see Exhibit H to Motion for Costs). Since Rule 54.1(b)(5) is clear that, at most, patent file histories are taxable only at the amount charged by the Patent Office, and Newegg introduced no evidence of that charge, its request to tax the costs of file wrappers, even if otherwise properly taxable, should be denied.

In short, Newegg's attempt to tax costs which are expressly made untaxable by the rules of the Court is wrong. To the extent it would otherwise be entitled to costs for some item or items, that request should be denied based on its improper attempt to tax costs not properly taxable.

### B. Newegg Is Not a Prevailing Party.

Costs may be awarded Newegg under 35 U.S.C. §285 only if it is the "prevailing

party." Newegg claims it is a prevailing party because it was only dismissed because its suppliers of the infringing live chat technology paid millions of dollars to Pragmatus Telecom LLC ("Pragmatus") for licenses that exculpated Newegg's infringement.[1] Declaration of Marc Belloli in Support of Pragmatus' Opposition to Defendant's Fee Motion for Attorneys' Fees ("Belloli Declaration") at ¶¶4-7 and Exhibits 1 and 2. The Order of Dismissal (D.I. 212) specifically stated that it was based "[u]pon consideration of …[Pragmatus'] unopposed motion to dismiss…", which in turn explicitly states that the dismissal was because Pragmatus' settlements with Newegg's suppliers made Newegg's infringement licensed. D.I. 210. Thus, Newegg was not a prevailing party since it settled out of the litigation by its suppliers taking licenses.

Newegg says it is a prevailing party even though it did not prevail on even a single issue and was dismissed only because its suppliers bought it a license. Newegg is wrong because "[t]he dispositive issue is thus whether the dismissal with prejudice had sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'" *Highway Equipment Co., Inc. v. FECO, Ltd.,* 469 F.3d 1027, 1034 (Fed Cir. 2006) quoting *Buchannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001). The Newegg dismissal did not have sufficient judicial imprimatur because the Court dismissed the case based solely on the fact that settlements by Newegg's suppliers made Newegg's use of the infringing technology licensed. There was no judicially sanctioned change in the legal relationship

---

[1] Pragmatus' licenses to Newegg's suppliers explicitly extended to the suppliers' customers, including Newegg. Even if the licenses did not explicitly extend to Newegg, the supplier licenses likely exhausted Pragmatus' rights against Newegg. *See*, *e.g.*, *Quanta Computer, Inc. v. LG Electronics, Inc.*, 553 U.S. 617, 625 (2008), requiring their dismissal.

of Pragmatus and Newegg, and therefore Newegg is not a prevailing party and is not entitled to recover costs.

### C. Even if Newegg Is a Prevailing Party, this Court Should Exercise Its Discretion to Deny Newegg Costs.

Although Rule 54(d)(1) says that "costs should be allowed to the prevailing party, the Supreme Court held only last year that the "decision whether to award costs ultimately lies with the sound discretion of the district court." *Marx v. General Revenue Corp.*, __U.S.__ , 133 S.Ct. 1166, 1172 (2013). There are at least two reasons why this Court should exercise its sound discretion to deny Newegg costs, even if it finds Newegg is the prevailing party:

First, as set forth above, the dismissal was not entered as a result of any act by Newegg or any defect in Pragmatus' case, but solely because Newegg's suppliers of the infringing chat technology bought Newegg a license during the litigation; and

Second, Newegg has sought the recovery of costs that are prohibited from taxation by this Court's rules, and due to Newegg's improper conduct in seeking that which is expressly prohibited, Newegg should be denied taxation of any costs that would otherwise have been properly taxable.

### III. CONCLUSION

For the forgoing reasons, Pragmatus respectfully requests that Newegg's request to tax costs be denied in its entirety.

Dated: March 24, 2014  Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302)777-0301
bfarnan@farnanlaw.com

Of Counsel

Margaret Elizabeth Day
Ian N. Feinberg
David L. Alberti
Clayton Thompson
Marc C. Belloli
Sal Lim
Yakov Zolotorev
FEINBERG DAY ALBERTI &
THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
Telephone: (650) 618.4360
Facsimile: (650) 618.4368
eday@feinday.com
ifeinberg@feinday.com
dalberti@feinday.com
cthompson@feinday.com
mbelloli@feinday.com
slim@feinday.com
yzolotorev@feinday.com   *Attorneys for Plaintiff*
PRAGMATUS TELECOM, LLC