# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM LLC | : |
| | : C.A. No. 1:13-cv-01464-RGA |
| Plaintiff | : |
| | : **FILED IN C.A. NO. 12-1533** |
| v. | : |
| | : DEMAND FOR JURY TRIAL |
| NEWEGG INC., | : |
| | : THIS DOCUMENT IS DIRECTED TO: |
| Defendant. | : Pragmatus Telecom, LLC |

## REPLY BRIEF IN SUPPORT OF
## DEFENDANT NEWEGG INC.'S MOTION FOR COSTS

PROCTOR HEYMAN LLP
Dominick T. Gattuso (#3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
Telephone:    302.472.7300
dgattuso@proctorheyman.com

*Counsel for Defendant*
*Newegg Inc.*

OF COUNSEL:

THE WEBB LAW FIRM
Kent E. Baldauf, Jr.
KBaldaufjr@webblaw.com
Daniel H. Brean
DBrean@webblaw.com
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
412.471.8815

Dated:  April 8, 2014

# TABLE OF CONTENTS

I. NEWEGG IS THE PREVAILING PARTY AND IS ELIGIBLE TO BE AWARDED ITS COSTS .................. 1

II. NEWEGG SHOULD BE AWARDED ITS TAXABLE COSTS............................................................. 2

   A. Newegg's Pro Hac Vice Fees Are Taxable........................................................................ 2
   B. Newegg's Incurred Costs of Making Copies Are Taxable ..................................................... 4

III. CONCLUSION.................................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Cent. Soya Co. v. Geo. A. Hormel & Co.*,
  723 F.2d 1573 (Fed. Cir. 1983) ............................................................................................... 5

*Craftsmen Limousine, Inc. v. Ford Motor Co.*,
  579 F.3d 894 (8th Cir. 2009) .................................................................................................. 3

*Encomp, Inc. v. L-Com, Inc.*,
  999 F. Supp. 264 (D. Conn. 1998) .......................................................................................... 1

*Highway Equip. Co. v. FECO, Ltd.*,
  469 F.3d 1027 (Fed. Cir. 2006) ............................................................................................... 1

*Mathis v. Spears*,
  857 F.2d 749 (Fed. Cir. 1988) ................................................................................................. 5

*Reger v. The Nemours Found., Inc.*,
  599 F.3d 285 (3d Cir. 2010) .................................................................................................... 4

*Samsung Electronics Co., Ltd. v. Rambus, Inc.*,
  440 F. Supp. 2d 495 (E.D. Va. 2006) ..................................................................................... 1

*TD Properties, LLC v. VP Bldgs., Inc.*,
  635 F. Supp. 2d 123 (D. Conn. 2009) ..................................................................................... 3

*United States ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.*,
  436 F.3d 726 (7th Cir. 2006) .................................................................................................. 3

*Woodruff v. Hawai'i Pac. Health*,
  Civ. No. 05–00521–JMS–LEK, 2008 WL 5115051 (D. Haw. Dec. 5, 2008) ......................... 3

**Statutes**

28 U.S.C. § 1920 ............................................................................................................................ 2, 3

35 U.S.C. § 285 ............................................................................................................................... 2, 5

**Rules**

37 C.F.R. § 1.19(b)(1)(i)(A) ........................................................................................................... 4

Local Rule 54.1 .............................................................................................................................. 2

Local Rule 54.1(b) ............................................................................................................... 3

Local Rule 54.1(b)(1)............................................................................................................ 2

Local Rule 54.1(b)(11)...................................................................................................... 2, 3

Local Rule 54.1(b)(5)............................................................................................................ 4

Local Rule 54.1(b)(8)........................................................................................................ 2, 3

Newegg hereby submits the following reply brief in response to Pragmatus's opposition brief (Dkt. No. 295, "Pragmatus Br.") and in support of Newegg's motion for costs (Dkt. No. 230, "Newegg Br.").

**I.  NEWEGG IS THE PREVAILING PARTY AND IS ELIGIBLE TO BE AWARDED ITS COSTS**

Pragmatus alleges, without support, that Newegg is not a prevailing party because Newegg's dismissal was premised on Newegg's software vendors settling with Pragmatus. Pragmatus Br. at 4. But a dismissal with prejudice is undisputedly favorable relief that removes all liability from Newegg for any infringement of Pragmatus's patents. This makes Newegg the prevailing party. *See, e.g., Encomp, Inc. v. L-Com, Inc.*, 999 F. Supp. 264, n.1 (D. Conn. 1998) (finding a defendant voluntarily dismissed with prejudice to be a prevailing party); *Samsung Electronics Co., Ltd. v. Rambus, Inc.*, 440 F. Supp. 2d 495, 511 (E.D. Va. 2006) (finding that a dismissal with prejudice "is the equivalent of a consent decree for prevailing defendants"). The dismissal in this case "has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties." *Highway Equip. Co. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). The requisite imprimatur exists by virtue of the Court-ordered dismissal (upon Pragmatus's motion, not by stipulation of the parties), but even more so due to the covenant not to sue that Pragmatus included in its motion to dismiss Newegg. *Id.* at 1035-36 ("FECO's prevailing party status is not predicated on whether Highway Equipment filed a Rule 41(a)(2) motion to dismiss with prejudice at the outset but *is sufficiently based on its having filed a covenant not to sue with the court to end the litigation, resulting in a dismissal with prejudice*.") (emphasis added); Dkt. No. 210 (Pragmatus's Rule 42(a)(2) motion to dismiss Newegg, including covenants that were necessary to allow the court to extinguish jurisdiction over Newegg's counterclaims and dismiss the case).

## II. NEWEGG SHOULD BE AWARDED ITS TAXABLE COSTS

Upon further consideration and in light of Pragmatus's opposition brief, Newegg hereby withdraws its request for $221.50 in court reporter transcript costs and $69.50 of the $669.50 in costs incurred by Newegg for obtaining the file histories of the patents-in-suit. Those expenses should instead be compensable under 35 U.S.C. § 285, as explained below. Accordingly, Newegg requests that the expenses instead be awarded pursuant to Newegg's co-pending motion for attorneys' fees. The remaining costs, totaling $1,388.50, are taxable and are addressed as follows.

### A. *Newegg's Pro Hac Vice Fees Are Taxable*

Pragmatus argues that Local Rule 54.1(b)(11) precludes the taxation of all costs not specifically mentioned in Rule 54.1(b). Particularly, Pragmatus states that the $775.00 in costs incurred by Newegg for *pro hac vice* admissions are not taxable because *pro hac vice* admission fees are not specifically mentioned in Local Rule 54.1(b). Alternatively, Pragmatus argues that $650.00 of the costs paid to the Central District of California are not taxable because, while Local Rule 54.1(b)(8) provides that fees paid to a state court are taxable in removed cases, it says nothing about fees paid to another United States District Court in the case of a transfer of venue.

In making these arguments, Pragmatus erroneously suggests that awarding *pro hac vice* admission fees in general and costs paid to other district courts is not within the discretion of this Court. To the contrary, the *pro hac vice* admission fees sought by Newegg are literally "fees of the clerk," and fees of the clerk are expressly made taxable under 28 U.S.C. § 1920, which provides a basis for Local Rule 54.1. *See* Local Rule 54.1(b)(1).

Further, Local Rule 54.1(b)(11) states that "[c]laims for costs other than those specifically mentioned in the preceding paragraphs of subpart (b) of this Rule **ordinarily** will not

be allowed…." (emphasis added). Accordingly, nothing in this rule can be seen as eliminating judicial discretion in awarding any costs enumerated in 28 U.S.C. § 1920.

Regarding *pro hac vice* fees specifically, as is apparent from page 2 of Pragmatus's opposition brief, there is no binding court decision indicating whether they are taxable as costs. Further, "there is no consensus among the federal courts as to whether pro hac vice fees are taxable as 'fees of the clerk.'" *TD Properties, LLC v. VP Bldgs., Inc.*, 635 F. Supp. 2d 123, 124-25 (D. Conn. 2009); *Woodruff v. Hawai'i Pac. Health*, Civ. No. 05–00521–JMS–LEK, 2008 WL 5115051, at *5–6 (D. Haw. Dec. 5, 2008) (collecting cases). "Put plainly, some courts have allowed the recovery of pro hac vice fees as fees of the clerk, while others have not." *TD Properties* 635 F. Supp. 2d at 124-25. In the absence of binding precedent, Newegg submits that this court should follow the Seventh and Eighth Circuits and find *pro hac vice* fees to be taxable costs. *See Craftsmen Limousine, Inc. v. Ford Motor Co.,* 579 F.3d 894, 898 (8th Cir. 2009); *United States ex rel. Gear v. Emergency Med. Assocs. of Ill., Inc.,* 436 F.3d 726, 730 (7th Cir. 2006).

Additionally, Pragmatus contends that alternatively, $650.00 of the costs, which were paid to the Central District of California, are not taxable because Local Rule 54.1(b)(8) provides that fees paid to a state court are taxable in a removed case but says nothing about fees paid to another district in the case of a transfer of venue. In support for this position, Pragmatus submits that Local Rule 54.1(b)(11) excludes the taxation of all costs not explicitly enumerated in Local Rule 54.1(b). Again, in taking this position Pragmatus ignores the word "ordinarily" in Rule 54.1(b)(11). Given the relative rarity of transfers of venue between Federal District Courts, and the fact that the situation is analogous to a case being removed from state court, it appears that this is exactly why the language of Rule 54.1(b)(11) is not entirely exclusive. "There is a strong

3

presumption that costs are to be awarded to the prevailing party," and "[o]nly if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party. *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (internal quotations and citation omitted). Because Pragmatus has not articulated an equitable reason why this Court should deny its costs simply because they were paid to another district, these costs should be awarded.

### B. Newegg's Incurred Costs of Making Copies Are Taxable

Pragmatus alleges that the articles of incorporation and patent file wrappers were obtained solely for "counsel's own use" and are therefore not taxable. This is incorrect. Had this case proceeded further instead of Pragmatus voluntarily dismissing Newegg, Newegg would have used and made of record the articles of incorporation. Newegg would have used those documents in taking discovery on the patent ownership, corporate structure, licensing, and usage of the patents at issue, including by deposing Pragmatus's witnesses and in preparing and serving expert reports on topics such as damages. Further, Newegg would have used and attached portions of the file histories in its *Markman* briefing and expert reports concerning infringement and invalidity. *See* Exs. P-Q to Dkt. 230 (proposed claim definitions citing prosecution history and excerpt of prosecution history). Thus, at a minimum, those costs should be characterized as the "cost of copies of an exhibit necessarily attached to a document required to be filed and served," which are explicitly made taxable under Local Rule 54.1(b)(5).

Pragmatus also submits that the cost of obtaining patent file wrappers is only taxable at the rate charged by the Patent Office. As indicated above, Newegg agrees and withdraws the $69.50 in costs that go above the rate charged by the Patent Office. Pursuant to 37 C.F.R. § 1.19(b)(1)(i)(A), the rate charged by the Patent Office for obtaining a patent-related file wrapper and contents of 400 or fewer pages is $200.00. Because Newegg and Newegg's counsel

are not located in close proximity to the Patent Office, Newegg utilized Questel Freedom to Operate document delivery service to obtain copies of each relevant patent-related file wrapper. Dkt. 230, Ex. H (invoice including both the Patent Office charges and the services related to obtaining the documents). Accordingly, at a minimum, Newegg should be entitled to recover $600.00 ($200 x 3) as taxable costs for the three file wrappers it obtained and would have been necessarily used in this litigation as described above.

### III.  CONCLUSION

Newegg is the prevailing party and is presumptively entitled to its costs. The items discussed above are taxable costs. Denying Newegg these costs would amount to a "penalty," and would greatly diverge from the ordinary course of events as to prevailing parties like Newegg. Newegg Br. at 2. While Pragmatus suggests that the Court should nonetheless exercise its discretion to deny Newegg its costs, Pragmatus offers no legitimate reason to do so. If anything, Pragmatus's egregious and vexatious conduct, outlined in Newegg's co-pending motion for attorneys' fees, make it more than appropriate to allow Newegg to recoup its costs.

Finally, to the extent the Court is not persuaded that all of the items discussed above are taxable costs, those expenses are compensable under 35 U.S.C. § 285 for the reasons set forth in Newegg's co-pending motion for attorneys' fees. Section 285 exists "to compensate the prevailing party for its monetary outlays in the prosecution or defense of the suit." *Cent. Soya Co. v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578 (Fed. Cir. 1983). Those recoverable expenses include all "sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit," encompassing the items listed on Newegg's bill of costs. *Id.*; *see also Mathis v. Spears*, 857 F.2d 749, 757 (Fed. Cir. 1988).

|  | PROCTOR HEYMAN LLP |
|---|---|
|  | */s/ Dominick T. Gattuso* |
|  | Dominick T. Gattuso (#3630) |
|  | 300 Delaware Avenue, Suite 200 |
|  | Wilmington, DE 19801 |
|  | Telephone:    302.472.7300 |
|  | dgattuso@proctorheyman.com |
|  |  |
|  | *Counsel for Defendant* |
| OF COUNSEL: | *Newegg Inc.* |

THE WEBB LAW FIRM
Kent E. Baldauf, Jr.
KBaldaufjr@webblaw.com
Daniel H. Brean
DBrean@webblaw.com
One Gateway Center
420 Ft. Duquesne Boulevard, Suite 1200
Pittsburgh, PA 15222
412.471.8815

Dated: April 8, 2014