IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **PRAGMATUS TELECOM LLC,**<br><br>　　　Plaintiff;<br>　　　　v.<br><br>**NEWEGG INC.,**<br><br>　　　Defendant. | Civil Action No. 12-1533-RGA |

MEMORANDUM OPINION

Brian E. Farnan, Esq., Farnan LLP, Wilmington, DE; Michael J. Farnan, Esq., Farnan LLP, Wilmington, DE; M. Elizabeth Day, Esq., Feinberg Day Alberti & Thompson, Menlo Park, CA; Marc C. Belloli, Esq. (argued), Feinberg Day Alberti & Thompson, Menlo Park, CA; Clayton Thompson, Esq., Feinberg Day Alberti & Thompson, Menlo Park, CA, attorneys for the Plaintiff.


Dominick T. Gattuso, Esq., Proctor Heyman LLP, Wilmington, DE; Daniel H. Brean, Esq. (argued), The Webb Law Firm, Pittsburgh, PA; Kent E. Baldauf, Jr., Esq., The Webb Law Firm, Pittsburgh, PA, attorneys for the Defendant.

July 25, 2014

*[signature]*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently before this Court for disposition is Defendant Newegg's Motion for costs (D.I. 230)[1] and Motion for Attorney's Fees (D.I. 231). This matter has been fully briefed (D.I. 295, 316, 317, 232, 293, 315, 336) and the Court heard oral argument on June 26, 2014 (D.I. 383). For the reasons set forth herein, the Defendant's motions are **DENIED**.

## PROCEDURAL BACKGROUND

Pragmatus brought this suit against Defendant Newegg on December 12, 2012 in the Central District of California. (2:12-cv-10629-MRW D.I. 1). The case was then transferred from the Central District of California to this Court on August 19, 2013. (2:12-cv-10629-MRW D.I. 47). On February 12, 2014, Pragmatus filed an unopposed Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2). (D.I. 210 at 1). The motion was granted that same day. (D.I. 212).

## ANALYSIS

Newegg seeks a fee award under 35 U.S.C. § 285 and the Court's inherent powers and costs pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54.1. The Court will take these two issues in turn.

<u>35 U.S.C. § 285</u>

Newegg moves the Court to award it attorney's fees. (D.I. 231).

*Legal Standard*

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Thus, under the statute there are two basic requirements: (1) that the case is "exceptional" and (2) that the party seeking fees is a

---

[1] Unless specifically noted, all references to the docket refer to case 1:12-cv-01533-RGA.

2

"prevailing party." The Supreme Court recently defined an "exceptional" case as "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). When determining whether a party is a prevailing party, the Federal Circuit has followed the Supreme Court's definition of a prevailing party as used in other fee-shifting statutes. *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004). In *Inland Steel*, the Federal Circuit held that district courts are to "apply the general principle that to be a prevailing party, one must receive at least some relief on the merits, which alters . . . the legal relationship of the parties." *Id.* (quotation marks omitted, ellipses in original).

The Federal Circuit definition of a prevailing party derives from a series of Supreme Court decisions. The term "prevailing party" is "a legal term of art." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001). In *Hensley*, the Supreme Court defined a prevailing party, for the purpose of attorney's fees shifting, to be a party which "succeed[s] on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (defining a prevailing party in the context of a 42 U.S.C. § 1988 attorney fee shifting claim). The Supreme Court then further clarified in *Hewitt* that, while is it "settled law . . . that relief need not be judicially decreed in order to justify a fee award," there must be at least the "settling of some dispute which affects the behavior of the defendant towards the plaintiff." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987) (italics omitted). The Supreme Court further clarified its ruling in *Farrar* by holding that the relief must actually affect the parties' behavior. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992). Furthermore, the Court emphasized that "the touchstone of the prevailing party

3

inquiry must be the material alteration of the legal relationship of the parties." *Id.* at 111 (brackets omitted); *see also Lefemine v. Wideman*, 133 S. Ct. 9, 11 (2012). Independent of what relief is received, it "must directly benefit [the party] at the time of the judgment or the settlement." *Id.* However, in *Buckhannon* the Supreme Court made clear that even "nominal damages suffices under this test." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (citing *Farrar*, 506 U.S. 103). Finally, the Supreme Court has made clear that:

> We have only awarded attorney's fees where the plaintiff has received a judgment on the merits or obtained a court-ordered consent decree — we have not awarded attorney's fees where the plaintiff has secured the reversal of a directed verdict or acquired a judicial pronouncement that the defendant has violated the Constitution unaccompanied by judicial relief. Never have we awarded attorney's fees for a nonjudicial alteration of actual circumstances.

*Buckhannon*, 532 U.S. 598, 605-06 (2001). In sum, precedent from both the Supreme Court and the Federal Circuit make clear that for a party to be a *prevailing party*, that party must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment.

**Discussion**

The Plaintiff contends that Newegg is not a prevailing party because, "The dismissal here did not have sufficient judicial imprimatur because the Court dismissed the case based solely on the fact that settlements by Newegg's suppliers had made Newegg's use of the infringing technology licensed after the case had begun." (D.I. 293 at 17). Furthermore, the Plaintiff argues that, "There was no judicially sanctioned change in the legal relationship of the parties sufficient to make Newegg a prevailing party." *Id.* Conversely, Newegg contends that it is the prevailing party because "a dismissal with prejudice is undisputedly favorable relief that removes all liability from Newegg for any infringement of Pragmatus's patents." (D.I. 315 at 5).

4

Specifically, Newegg argues it is the prevailing party both because the dismissal was a result of Pragmatus's motion, not a joint stipulation, and because the motion to dismiss included a covenant not to sue. *Id.* at 6.

The Federal Circuit has determined whether there is a prevailing party in several instances. In *Power Mosefet*, the Court determined that when a party voluntarily dismisses its case with prejudice against the defendant, after it had been determined that the patent-in-suit was not infringed and had not been proven invalid or unenforceable, the defendant is the prevailing party. *Power Mosfet Technologies, L.L.C. v. Siemens AG*, 378 F.3d 1396, 1406, 1416 (Fed. Cir. 2004). Similarly, in *Highway Equipment*, not only had the case progressed "through the final pretrial conference to the eve of trial," but the District Court had found that the patentee had provided no explanation as to why it had decided to dismiss the case with prejudice on such a late date. *Highway Equip. Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1035 (Fed. Cir. 2006). The Federal Circuit held that, "as a matter of patent law, the dismissal with prejudice, based on the covenant and granted pursuant to the district court's discretion under Rule 41(a)(2), has the necessary judicial imprimatur to constitute a judicially sanctioned change in the legal relationship of the parties" sufficient to award fees under 35 U.S.C. § 285. *Id.*

This case is unlike *Power Mosefet* and *Highway Equip.* I have made no finding regarding any substantive issue in the case. I have not construed any terms, resolved a contested motion to dismiss, or resolved any motions for summary judgment. Discovery was ongoing when the case was dismissed. Furthermore, unlike in *Highway Equip.*, where there was no reason given for the motion to dismiss, here the unopposed motion to dismiss states that it is a result of a licensing agreement with Moxie Software, Inc. and LivePerson, Inc., the two companies that provide the live chat software to Newegg. (D.I. 210 at 1). Furthermore, no evidence has been provided to

5

the Court that the licenses provided to Moxie and Liveperson were token licenses. Instead, Pragmatus has provided unopposed evidence that the each license was for a non-trivial payment. (D.I. 294-1; D.I. 294-2).

Finally, it cannot be correct that a party can benefit from a bona fide license agreement, obtained after the litigation began, and claim to be the prevailing party, without a single substantial court decision that favors that party. The Supreme Court has made clear that there must be a dispute that was settled in favor of the party seeking to be declared the prevailing party that materially alters the legal relationship between the parties. Here, Pragmatus licensed the suppliers of the technology, which led to downstream licensures for the users, *i.e.*, Newegg. Dismissal for a license obtained by a third party that protected Newegg does not settle a dispute in favor of Newegg. It is hard to see how it is any different in terms of prevailing party analysis than if Newegg had paid for the license itself. If there were a prevailing party, it would seem that it would more likely be Pragmatus, as Pragmatus filed suit because it believed that its patent was infringed, and as a result, in part because of the suit, Pragmatus was able to negotiate a license covering potential infringement of its asserted patent.

Therefore, Newegg is not a prevailing party under 35 U.S.C. §285. Thus Defendant's motion for fees under the aforementioned statute is denied.

Court's Inherent Power

Newegg moves the Court to award it attorney's fees under its inherent powers. (D.I. 231).

*Legal Standard*

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a

Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal quotation marks and brackets omitted). Therefore, courts are "vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Id.* The court's "power reaches both conduct before the court and that beyond the court's confines" as the underlying purpose of the Court's power is to stem "disobedience to the orders of the Judiciary, regardless of whether such disobedience interfered with the conduct of trial." *Id.* at 44 (internal brackets and quotation marks omitted).

The Third Circuit has held that

> Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of a district court's discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. Thus, a district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified. In exercising its discretion under its inherent powers, the court should be guided by the same considerations that guide it in the imposition of sanctions under the Federal Rules. First, the court must consider the conduct at issue and explain why the conduct warrants sanction. If an attorney, rather than a client, is at fault, the sanction should ordinarily target the culpable attorney.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994).

*Discussion*

The Defendant's inherent powers argument was sketchily briefed – containing a total of six lines in Defendant's Opening Brief – did not cite Third Circuit precedent, and was not raised during oral argument. Therefore, the argument is waived.

Motion for Costs

The Defendant moves the Court to award it costs. (D.I. 230).

*Legal Standard*

7

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the *prevailing* party." FED. R. CIV. P. 54(d)(1) (emphasis added). Furthermore, Local Rule 54.1(a)(1) reads, "Unless otherwise ordered by the Court, the *prevailing* party shall be entitled to costs." (emphasis added).

*Discussion*

An explicit requirement of both FED. R. CIV. P. 54(d)(1) and Local Rule 54.1(a)(1) is that for a party to be awarded costs it must be a "prevailing party." As discussed above, here there is no prevailing party. Therefore the Court denies Newegg's motion for costs.

## CONCLUSION

For the reasons above, the Court will **DENY** the Defendant's Motion for Costs (D.I. 230) and Motion for Attorney's Fees (D.I. 231). An appropriate order will be entered.